JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MIKE SKIER,<br><br>              Plaintiff,<br><br>      v.<br><br>iPROMO, LLC, and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No.: SACV 22-01528-CJC (KESx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 9]** |

## I. INTRODUCTION & BACKGROUND

On December 22, 2020, Plaintiff Mike Skier filed this action against Defendant iPromo, LLC, in the Superior Court of California, County of Orange, alleging several causes of action under the California Labor Code and the California Unfair Competition

Law. (*See* Dkt. 1-1 [Complaint, hereafter "Compl."].) Skier eventually served iPromo a copy of the summons and complaint on May 16, 2022. (*See* Dkt. 1 [Notice of Removal, hereinafter "Notice"] ¶ 1 at 2.) iPromo removed the action to this Court on August 16, 2022, invoking the Court's diversity jurisdiction. (*See id.* ¶ 14 at 5.) Now before the Court is Skier's motion to remand. (*See* Dkt. 9 [Memorandum of Points and Authorities in Support of Motion to Remand Action to State Court, hereinafter "MTR"].) For the following reasons, the motion to remand is **GRANTED**.[1]

## II. DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A civil action brought in state court may be removed by the defendant to federal court only if the action could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits when more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 16, 2022, is hereby vacated and removed from the calendar.

81, 87 (2014).  However, "when a defendant's assertion of the amount in controversy is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 88.  Moreover, "when the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones."  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

The deadline for a defendant to remove a case from state to federal court is generally thirty days after receipt of the initial pleading.  *See* 28 U.S.C. § 1446(b)(1), 1446(b)(2)(A).  "[I]f the case stated by the initial pleading is not removable," however, a defendant may remove the case thirty "days after receipt . . . of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  A "bright-line approach" based on an "objective analysis of the pleadings" governs removability.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005).  It "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Id.* at 694.  Only when removability is "unequivocally clear and certain" does the Section 1446(b)(3) thirty-day countdown commence.  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

Skier offers two arguments why remand is required.  First, he argues that removal was improper because iPromo has failed to "establish that the amount in controversy exceeds $75,000."  (Mot. at 3.)  Second, he argues that removal "was untimely because it was done more than thirty days after [iPromo] was served with a copy of the complaint which formed the basis for its removal."  (*Id.* at 6.)

The Court agrees that iPromo untimely removed this action. Removal had to occur within thirty days after service of a copy of Skier's complaint. *See* 28 U.S.C. § 1446(b)(1). Since iPromo was served on May 16, 2022, that deadline was June 15—but iPromo ultimately removed this action on August 16, well afterwards. (*See* Notice ¶ 1 at 2.) And iPromo does not argue that a second thirty-day countdown under Section 1446(b)(3) applies. Nor could it. Skier has not filed "any amended pleading, motion, order or other paper" that could render removability "ascertainable" where it once was not. 28 U.S.C. § 1446(b)(3). Indeed, iPromo suggests quite the opposite—that Skier's responses to discovery requests in state court were "deficient," "incomplete," and "provided [no] basis for his damages." (*See* Dkt. 11 [Defendant iPromo, LLC's Opposition to Plaintiff's Motion for Remand, hereinafter "Opp."] at 3.)

iPromo's arguments that removal was timely are unavailing. It first cries that Skier's motion is improper because he "sent one meet and confer letter via email," "never responded" to iPromo afterwards, "never called [iPromo] to discuss the matter[,] and never engaged in proper and complete meet and confer efforts" under Local Rule 7-3. (Opp. at 5.) Skier did engage in some communication with iPromo regarding this motion, and while an in-person discussion is "preferabl[e]," Local Rule 7-3, it is not required. iPromo complains that Skier "refused and to date has provided no basis for his damages" in response to discovery requests in state court, and since Skier "continues to avoid providing any basis for his damages, [iPromo] has not necessarily ascertained [Skier's] damages fully and its 30 days to remove has not actually begun to run." (Opp. at 7–8.) That contention is belied by iPromo's notice of removal wherein it says that the amount in controversy *was* ascertainable—that it "exceeds $75,000 based on the amounts of damages [iPromo] believes [Skier] seeks to recover" given the nature and duration of the misconduct alleged in the complaint and on case law concerning the amounts in controversy in comparable suits. (Notice ¶ 6 at 2; *see also id*. ¶¶ 7–12 at 3–5.) And even if it were it true that removability was not yet ascertainable, that would separately

preclude removal, as it would amount to a concession that iPromo failed to meet its burden to show that the amount of controversy was met. *See Gaus*, 980 F.2d at 566.

## IV.  CONCLUSION

For the foregoing reasons, Skier's motion is **GRANTED**.  The Court **REMANDS** this action to the Superior Court of California, County of Orange.

DATED:   September 22, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE